**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carrie Lynne Thompson,<br><br>              Plaintiff,<br><br>v.<br><br>Westwind School of Aeronautics Phoenix, *et al.*,<br><br>              Defendants. | No. CV-24-01733-PHX-JJT<br><br>**ORDER** |

At issue is Defendant United Airlines, Inc.'s (United) Motion to Dismiss (Doc. 15, MTD), to which *pro se* Plaintiff Carrie Lynne Thompson filed a Response (Doc. 18) and United filed a Reply (Doc. 19). The Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court denies United's Motion to Dismiss.

**I.      Background**

Plaintiff initiated this lawsuit against two parties: United and the Westwind School of Aeronautics Phoenix (Westwind). These two entities, although affiliated in some capacity, are apparently legally distinct. Plaintiff's Complaint alleges in relevant part as follows. In October of 2022, Plaintiff enrolled at Westwind in order to obtain a pilot's license. (Doc. 1, Complaint at 4.) Plaintiff had been working at United as a flight attendant and signed an agreement with United that provided her a leave of absence for the purpose of attending Westwind. (*Id.* at 4, 7.) Plaintiff chose to attend Westwind based upon numerous representations made by both Westwind and United that students at the academy

can obtain a pilot's license within one year. (*Id.* at 4.) United made this representation in the leave-of-absence agreement that it signed with Plaintiff, as well as in a wide variety of marketing materials, press releases, and internal employee communiqués. (*Id.*) Despite the repeated assurances by both Westwind and United that students at the academy could earn their license within one year, it was in fact not possible to obtain a pilot's license in fewer than eighteen months. (*Id.* at 4–6.) Both Westwind and United knew of the conditions precluding students from obtaining their licenses within one year, but the two entities continued to advertise the program as a one-year program. (*Id.* at 4.) Plaintiff incurred substantial expense in attending Westwind, including by taking out loans, selling her assets, and foregoing income. (*Id.* at 3–4, 8–9.) After receiving an intermediate pilot's license seven months behind schedule through no fault of her own, Plaintiff requested leave to continue her education part-time so that she could return to work as a flight attendant with United. (*Id.* at 4–7.) Plaintiff's request was denied. (*Id.* at 7.) She therefore was forced by financial exigencies to withdraw from the academy. (*Id.*) Plaintiff sued both Westwind and United on state-law claims of promissory estoppel and negligent infliction of emotional distress, as well as on federal statutory claims of unfair methods of competition, breach of contract, and false advertising. (*Id.* at 2.)

Plaintiff had entered into an arbitration agreement with Westwind, but not with United. Westwind moved to compel arbitration of Plaintiff's claims against it, and Plaintiff did not oppose that motion. The Court therefore dismissed the claims against Westwind without prejudice and ordered the parties to arbitration. (Doc. 17.) The claims against United remained pending, and United filed the instant Motion to Dismiss.

**II.    Legal Standard**

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint for

failure to state a claim, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up and citations omitted). Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 679–80. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**III.   Discussion**

United's Motion to Dismiss misses the mark. The sole argument contained in the four-page Motion is that Westwind and United are distinct legal entities. According to United, "Plaintiff fails to allege United Airlines has control over the Academy, and it cannot be held liable for the Academy's alleged wrongdoing." (MTD at 4.) It is unclear whether United failed to read the Complaint or instead whether United simply failed to understand it. The basis of United's alleged liability is not mere vicarious liability for the wrongs committed by Westwind, but instead independent liability for wrongs committed by United *qua* United. Plaintiff asserts repeatedly that United itself engaged in deceptive

advertising and deceptive inducement. (*See, e.g.*, Complaint at 4 ("The claim [that students may complete all FAA ratings to become a professional pilot in 12 months] is made in . . . marketing materials by United Airlines . . . , the Leave of Absence agreement I signed with United as an employee on leave to attend the program, . . . , Press Releases issued by United Airlines, the internal website for United employees who wish to attend the Academy . . . ."); Complaint at 4 ("Despite the known lags in training times, instructor shortages, mechanical issues, and lack of DPE availability, both the Academy and United Airlines continued to falsely advertise the 12 month timeframe for completion, as well as the low student to instructor ratio and flight frequency."); Complaint at 5 ("These claims were made by both the Academy and representatives for United Airlines in an attempt to recruit students."); Complaint at 8 ("The losses I have incurred due to the Academy's inability to provide the level of training promised by both the Academy and United Airlines has been a disastrous financial setback for me."); Complaint at 8–9 ("I am currently forced to rely on the kindness of friends and family to survive, attempting to pay off the debt incurred wholly as a result of the mismanagement and dishonest claims made by Aviate Academy and United Airlines.").)

  Contrary to United's misrepresentation of her pleading, Plaintiff's Complaint asserts claims for wrongs beyond Westwind's failure to provide the academic experience promised by it. Plaintiff has sued United for its own false representations, false advertising, false inducement, and tortious infliction of emotional distress, not to mention for breach of a leave-of-absence contract entered into by United in its capacity as United. United fails to cite any law of any kind indicating that Plaintiff's claims are precluded by the distinct legal existences of the alleged false inducer and the entity upon which the inducer's deceptive representations were predicated. Of course, some of Plaintiff's claims may suffer from fatal infirmities. But to the extent that is true, United does not identify what those infirmities are. Any dismissal upon the paltry briefing provided by United would be tantamount to a *sua sponte* dismissal of *pro se* claims that are far from facially deficient. The Court will not do United's legal research for it, particularly in light of the requirement that *pro se*

1 pleadings be construed with the utmost liberality. The Court will therefore deny United's
2 Motion to Dismiss.
3 In their responsive and reply briefing, the parties debate the extent to which United
4 controls the operations of Westwind. The viability of Plaintiff's Complaint as currently
5 formulated does not depend upon the resolution of that issue. Should Plaintiff wish to
6 amend her Complaint to add allegations of control, she may move to do so. The Court
7 expresses no position on whether the Complaint contains sufficient allegations of control
8 upon which a viable claim could be pled, as resolution of that issue is not necessary for
9 disposition of the instant Motion.

10 **IT IS THEREFORE ORDERED** denying United's Motion to Dismiss (Doc. 15).
11 **IT IS FURTHER ORDERED** that United shall file an Answer to Plaintiff's
12 Complaint (Doc. 1) as required by the Federal Rules of Civil Procedure.
13 Dated this 12th day of December, 2024.

Honorable John J. Tuchi
United States District Judge