**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Carrie Lynne Thompson, | No. CV-24-01733-PHX-JJT |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Westwind School of Aeronautics Phoenix, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Carrie Lynne Thompson's motion to reintroduce Westwind School of Aeronautics Phoenix (Westwind) as a defendant in this case. The Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court agrees that Westwind is not a proper defendant in this case.

**I. Background**

The instant matter is procedurally anomalous. Plaintiff initiated this action on July 15, 2024 by filing a complaint in federal court. (*See* Doc. 1.) In that complaint, Plaintiff named two defendants: (1) Westwind and (2) United Airlines Incorporated (United). On October 21, 2024, Westwind filed an unopposed motion to compel arbitration, which the Court granted. (*See* Doc. 14.) To be clear, Plaintiff did not merely fail to respond to Westwind's motion. Rather, she affirmatively consented to it. (*See, e.g.*, Doc. 34 at 2 (emphasizing that Plaintiff "agreed" to Westwind's motion to compel).) Moreover, in granting Westwind's motion to compel, the Court conducted limited analysis and instead

granted the motion primarily on the basis of its being unopposed. (*See* Doc. 17.) As an incident to its order compelling arbitration, the Court dismissed Plaintiff's claims against Westwind and terminated Westwind as a party to this case, leaving only United as a defendant. Importantly, that dismissal was without prejudice. (*See* Doc. 17.)

On February 27, 2025, Plaintiff filed a motion for leave to amend her complaint. In her proposed amended complaint, Plaintiff again names both Westwind and United as defendants. (*See* Doc. 30-2 at 2.) United did not respond to that motion and instead simply filed an answer to the proposed amended complaint. (*See* Doc. 31.) Westwind also declined to respond to Plaintiff's motion. However, within the timeframe during which it could have filed a response in opposition, Westwind filed a motion to dismiss the claims stated against it in the proposed amended complaint. The Court will therefore grant Plaintiff's motion for leave to amend, as no party opposes it and neither United's answer nor Westwind's motion to dismiss have any meaning unless the proposed amended complaint becomes the operative complaint in this matter.

At this point in the procedural narrative, it seemed as if Plaintiff's revival of her claims against Westwind had been inadvertent, as neither her motion for leave to amend nor Westwind's motion to dismiss contain any meaningful argumentation. However, Plaintiff's response to Westwind's motion to dismiss clarifies her position. (*See* Doc. 33.) Therein, she presents a "countermotion to reintroduce Westwind as a defendent [sic]" based upon (1) the purported invalidity of the arbitration agreement that undergirded the prior dismissal of Westwind and (2) the alleged unavailability of an arbitral remedy for Plaintiff's claims. (*See* Doc. 33 at 1–2.) Westwind filed a reply brief, alternatively denominated as a response to Plaintiff's "countermotion," arguing that Plaintiff's effort to revive her claims against Westwind is both procedurally and substantively infirm. (*See* Doc. 34.)

II.     **Discussion**

The Court assumes, without deciding, that it is procedurally possible for Plaintiff to reintroduce Westwind as a defendant without effecting a waiver of the anti-arbitration

arguments that she declined to advance when she voluntarily acceded to Westwind's original motion to compel arbitration and dismiss without prejudice.[1] That procedural issue, although interesting, is not dispositive of the instant dispute, as Westwind is entitled to dismissal on substantive grounds in any event.

Plaintiff seeks to evade operation of the parties' arbitration agreement on two grounds: (1) because the arbitration agreement exists within a contract that is "invalid as it contains fraudulent claims" and regarding which "grounds exist for the revocation of said contract"; and (2) because "no remedy is available to [Plaintiff] via arbitration." (*See* Doc. 33 at 2.)

Plaintiff's first argument fails because she did not specifically direct her assertions of contractual invalidity to the arbitration agreement, as opposed to the overall student catalog within which the arbitration agreement is nested. It is hornbook law that a court cannot entertain challenges to an arbitration agreement that are not specifically directed to the arbitration provisions of some larger contract within which those provisions might be housed. The Supreme Court has explained as follows:

> There are two types of validity challenges under § 2 [of the Federal Arbitration Act]: One type challenges specifically the validity of the agreement to arbitrate, and the other challenges the contract as a whole, either on a ground that directly affects the entire agreement (*e.g.*, the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid. In a line of cases neither party has asked us to overrule, we held that only the first type of

---

[1] *See Waetzig v. Halliburton Energy Servs., Inc.*, 145 S. Ct. 690, 699–701 (2025) (holding that a plaintiff may utilize Rule 60(b) to reintroduce a defendant who was previously voluntarily dismissed without prejudice); *Cadkin v. Loose*, 569 F.3d 1142, 1150–51 (9th Cir. 2009) (holding that a voluntary dismissal without prejudice does not carry any waiver effects). Both of those cases involved a voluntary dismissal without prejudice procured via Rule 41(a)(1), but the Court perceives no reason why the reasoning of both cases would not also apply to a voluntary dismissal without prejudice procured via affirmative acquiescence to a defendant's motion. The more challenging question, and the one which the Court declines to grapple with here, concerns the interplay of the two cases, i.e. whether a plaintiff vitiates the non-waiver holding of *Cadkin* by reopening a case under *Waetzig* rather than simply filing a new lawsuit. But whatever the resolution of that procedural esoterica, the Court is skeptical of Westwind's general proposition that a plaintiff can waive arguments that she chooses not to make against a motion that she does not oppose. However, as these issues are academic, the Court does not consider them further.

- 3 -

> challenge is relevant to a court's determination whether the arbitration agreement at issue is enforceable. That is because § 2 states that a "written provision" "to settle by arbitration a controversy" is "valid, irrevocable, and enforceable" *without mention* of the validity of the contract in which it is contained. Thus, a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate. As a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract.
>
> But that agreements to arbitrate are severable does not mean that they are unassailable. If a party challenges the validity under § 2 of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that agreement under § 4. In *Prima Paint*, for example, if the claim had been fraud in the inducement of the arbitration clause itself, then the court would have considered it. To immunize an arbitration agreement from judicial challenge on the ground of fraud in the inducement would be to elevate it over other forms of contract. In some cases the claimed basis of invalidity for the contract as a whole will be much easier to establish than the same basis as applied only to the severable agreement to arbitrate. Thus, in an employment contract many elements of alleged unconscionability applicable to the entire contract (outrageously low wages, for example) would not affect the agreement to arbitrate alone. But even where that is not the case—as in *Prima Paint* itself, where the alleged fraud that induced the whole contract equally induced the agreement to arbitrate which was part of that contract—we nonetheless require the basis of challenge to be directed specifically to the agreement to arbitrate before the court will intervene.

*Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70–71 (2010) (quotations and citations omitted) (cleaned up). Arizona applies the same rule to arbitration agreements governed by state law. *See Hamblen v. Hatch*, 242 Ariz. 483, 487–88 ¶¶ 13–17 (2017).

Because Plaintiff did not direct any challenge to the arbitration agreement in particular, the inquiry is at an end. In its original motion to compel, Westwind highlights the fact that the arbitration agreement at issue here is supported by consideration independently from the rest of the student catalog, namely Westwind's mutual agreement to arbitrate all of its claims against Plaintiff. (*See* Doc. 14 at 3, 5.) Although the Court cannot say whether the mutuality of arbitral obligation actually constituted consideration in this case, such mutuality shows in the abstract the policy basis of the Supreme Court's

- 4 -

holding in *Rent-A-Center*. The possibility that there exists separate consideration for the arbitration agreement explains, at least in part, the Supreme Court's requirement that parties attack arbitration agreements with highly particularized contentions.

Plaintiff's second argument also fails. The Court does not comprehend what she means when she says that no remedy is available to her in arbitration. The only relief that she seeks is money damages, (*see* Doc. 30-2 at 9), and arbitrators are empowered to award money damages. Plaintiff insinuates that no remedy exists because she views this matter as a *financial* dispute, whereas the arbitration agreement applies to "a claim, a complaint, or an expression of concern made by a student regarding any aspect of his or her *educational* experience." (*See* Doc. 33 at 2 (emphasis in original).) But Plaintiff's grievance in this case plainly arises from her dissatisfaction with her educational experience. The essence of Plaintiff's claim is that her educational experience was so deficient that she was deprived of the benefit of her bargain and that she incurred substantial reliance damages and opportunity costs in the pursuit of a falsely advertised educational experience. The Court does not understand, and Plaintiff does not explain, why she thinks that an arbitrator would be unable to award money damages in recompense for that harm, should Plaintiff ultimately prevail. Westwind states in its reply that "any remedy that may be provided through this lawsuit is also available to her through arbitration." (Doc. 34 at 3.) Having no cogent counterargument from Plaintiff upon which to gainsay that assertion, the Court concludes that Plaintiff's attempt at resisting arbitration fails.

### III. Conclusion

The Court will grant Plaintiff's motion to amend, as neither defendant opposes it and both defendants have submitted filings that implicitly presuppose the validity of Plaintiff's motion. However, the Court also concludes that Westwind's motion to dismiss is substantively meritorious. Therefore, Westwind will exit this case the very moment that it reenters.

As before, Westwind requests a dismissal, not a stay. (*See* Doc. 32 at 2.) The Supreme Court recently held that district courts must stay cases that are arbitrable when a

party requests the imposition of a stay. *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). However, the Supreme Court's holding is only applicable in instances where "a party requests a stay." *See id.* Where, as here, no party requests a stay, district courts in this Circuit retain discretion to stay or dismiss. *See Newbill v. CVS Caremark, LLC*, 683 F. Supp. 3d 1004, 1011–12 (D. Ariz. 2023). As Westwind has requested a dismissal, the Court will again dismiss Plaintiff's claims against it without prejudice.

**IT IS THEREFORE ORDERED** granting Plaintiff's motion for leave to amend (Doc. 30). Plaintiff shall, within fourteen (14) days of the date of this Order, file her First Amended Complaint on the docket in this case.

**IT IS FURTHER ORDERED** granting Westwind's motion to dismiss (Doc. 32). This matter is dismissed without prejudice as to Westwind, only. The Clerk of Court need take no action, as Westwind's status is already that of a terminated party.

**IT IS FURTHER ORDERED** compelling Plaintiff and Westwind to arbitration.

Dated this 1st day of April, 2025.

Honorable John J. Tuchi
United States District Judge