**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carrie Lynne Thompson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Westwind School of Aeronautics Phoenix, *et al.*,<br><br>　　　　　Defendants. | No. CV-24-01733-PHX-JJT<br><br>**ORDER** |

At issue is Defendant United Airlines, Inc.'s ("United") Partial Motion to Dismiss (Doc. 49, Mot.), to which *pro se* Plaintiff Carrie Lynn Thompson filed a Response (Doc. 51, Resp.) and United filed a Reply (Doc. 53, Reply). The Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court grants United's Partial Motion to Dismiss.

**I.    BACKGROUND**

In the First Amended Complaint (Doc. 36, FAC), Plaintiff alleges the following facts. On October 3, 2022, Plaintiff enrolled in the United Aviate Academy ("Academy"). (FAC at 1.) Plaintiff chose to attend the Academy based upon numerous representations made by both the Academy and United that students can obtain a pilot's license within twelve months. (FAC at 1.) A leave-of-absence agreement signed by Plaintiff and United, as well as several marketing materials by United, including billboards, commercials, print advertisements, and online references advanced this representation. (FAC at 1.) The

1  representation was additionally communicated to United employees at information
2  sessions and a student orientation. (FAC at 1.) Despite the repeated assurance by both the
3  Academy and United that students at the Academy could earn their license within one year,
4  it was in fact not possible to obtain a pilot's license in fewer than eighteen months. (FAC
5  at 2–4.) Both the Academy and United knew of the conditions precluding students from
6  obtaining their licenses within twelve months, but continued to advertise the program as a
7  one-year program. (FAC at 4.) Plaintiff incurred substantial expense in attending the
8  Academy, including taking out loans, selling her assets, and forgoing income. (FAC at 2,
9  6–7.) After receiving her private pilot's license, in nine months, rather than the advertised
10 two months, Plaintiff requested to leave the Academy to return to work at United. (FAC at
11 3–5.) Plaintiff's request was denied. (FAC at 4.) As a result, Plaintiff tendered a letter of
12 resignation to United management detailing her reasons for resigning her position at
13 United. (FAC at 5; Doc. 51-1, Resignation.)[1]

Plaintiff brings several state-law claims against United, including (1) violation of the Arizona Consumer Fraud Act (ACFA), A.R.S. § 44-1522; (2) promissory estoppel; and (3) false advertisement.[2] (FAC at 6.) United now moves to dismiss the claims for ACFA consumer fraud and false advertising.

## II.   LEGAL STANDARD

When analyzing a complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and

---

[1] In the 12(b)(6) analysis, the Court may reference the resignation letter because of its incorporation by reference in the FAC. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (noting that a court may consider "documents incorporated by reference in the complaint . . . without converting the motion to dismiss into a motion for summary judgment").

[2] Defendant argues Plaintiff's false advertising claim is subsumed by the ACFA. (Mot. at 4.) Plaintiff does not contest this argument. The Court will therefore treat the two claims as a single claim. *See Brown v. Sperber-Porter*, No. CV-16-02801-PHX-SRB, 2017 WL 10410091, at *4 (D. Ariz. Dec. 20, 2017) (noting that "a court may consider an argument conceded when a party fails to counter it").

1 therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III. ANALYSIS

Plaintiff asserts claims for consumer fraud and false advertising in violation of A.R.S. § 44-1522. (FAC at 6.) United argues that Plaintiff's claims are time-barred under the one-year limitations period established by A.R.S. § 12-541(5). (Mot. at 4–6.) United claims the limitations period began to run when Plaintiff submitted her resignation letter to the Academy. (Mot. at 4.) Plaintiff, in response, argues that the resignation letter did not contain any reference to fraud and that she did not "strongly suspect fraud had occurred" until September of 2023. (Resp. at 2–3.)

Arizona law requires actions "[u]pon a liability created by statute, other than a penalty or forfeiture," be brought "within one year after the cause of action accrues." A.R.S. § 12-541(5). The statute that United is alleged to have violated prohibits "[t]he act, use or employment by any person of any deception, deceptive or unfair practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or

omission, in connection with the sale or advertisement of any merchandise . . ." A.R.S. § 44-1522(A). "Private actions under the ACFA are subject to a one-year statute of limitations." *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 826 (D. Ariz. 2016).

The dispositive issue is whether, based upon the face of the FAC, this lawsuit was brought within one year after the cause of action accrued. In Arizona, the limitations period for a cause of action for consumer fraud "begins running 'when the defrauded party discovers or with reasonable diligence could have discovered the fraud.'" *Alaface v. Nat'l Inv. Co.*, 181 Ariz. 586, 591(Ct. App. 1994) (quoting *Mister Donut of Am., Inc. v. Harris*, 150 Ariz. 321, 323 (1986)). The cause of action therefore accrues when "the plaintiff knows or should have known of both the *what* and *who* elements of causation." *Lawhon v. L.B.J. Inst. Supply, Inc.*, 159 Ariz. 179, 183 (Ct. App. 1988). "This occurs when the consumer knows whose products were involved and that the products were not performing as expected." *Gustafson v. Goodman Mfg. Co. L.P.*, No. 3:13-CV-8274-HRH, 2014 WL 1669069, at *5 (D. Ariz. Apr. 28, 2014).

Plaintiff alleges that she "strongly suspect[ed]" the fraudulent activity in September of 2023, after no student enrolled in the Academy completed the advertised one-year program. (Resp. at 2–3.) Defendant, however, argues that Plaintiff was, or should have been, aware of the "what" and "who" of her claims when she submitted her letter of resignation on July 12, 2023, at the latest. (Reply at 2–4.) The Court agrees. In the FAC, Plaintiff alleges that she became aware of discrepancies between the program's advertising and the actual services provided long before she learned that all other students suffered a similar experience. Plaintiff stated that "[w]ith the infrequency of flights and the numerous changes in instructor, it took me 9 months to receive my Private Pilot's License, which was, according to the marketing materials, Student Agreement, website for the Academy, and Course Catalog provided by both the Academy and United Airlines, supposed to take two." (FAC at 3.) Plaintiff continues that in June of 2022, she was forced to withdraw "[g]iven the Academy's inability to provide adequate instruction, as well as numerous other setbacks on their end . . . it was not possible to complete the program in anywhere near the

timeframe offered by the Academy." (FAC at 3.) Additionally, Plaintiff avers that her departure was "due to the Academy not providing services promised." (FAC at 5.)

After attempting to return to work at United following her withdrawal from the Academy, Plaintiff submitted a resignation letter that outlined many of the same factual details contained in the FAC. (*Compare* Resignation at 1–2, *with* FAC at 1–6.) The Resignation states, in part, that Plaintiff "enrolled in the academy specifically because of its advertised accelerated training program," and she can no longer continue "due to the complete failure of the academy to deliver this accelerated training program." (Resignation at 1.) Additionally, Plaintiff states, "[h]ad I been given a more realistic expectation of the program timeline, flight frequency, and student/instructor ratio, I would never have enrolled in this program." (Resignation at 2.)

Based upon the foregoing, the Court finds that Plaintiff was aware of both the "who" and "what" elements of her ACFA claim and additionally knew "whose products were involved and that the products were not performing as expected." *See Gustafson*, 2014 WL 1669069, at *5, on July 12, 2023, at the latest. The FAC makes clear that Plaintiff was aware the services of the Academy and the advertising from United were at issue even before tendering the letter of resignation, therefore establishing the "who." To prevail on a claim of statutory fraud under the ACFA, "a plaintiff must establish that (1) the defendant made a misrepresentation in violation of the Act, and (2) defendant's conduct proximately caused plaintiff to suffer damages." *Cheatham*, 161 F. Supp. 3d at 825. Here, the FAC and letter of resignation show that Plaintiff was aware that United made a misrepresentation related to the timing of the program at the Academy and that she detrimentally relied thereon. The limitations period therefore lapsed one year later, on July 12, 2024, at the latest. Plaintiff did not sue United until July 15, 2024. Her claim is therefore time-barred.

As indicated above, United has not moved to dismiss Plaintiff's claim for promissory estoppel. Therefore, that claim will proceed to discovery in accordance with the scheduling order already entered by the Court. (*See* Doc. 28.)

. . .

**IT IS THEREFORE ORDERED** granting United's Partial Motion to Dismiss (Doc. 49). The claims in the First Amended Complaint (Doc. 36) for ACFA consumer fraud and false advertising are dismissed. The claim for promissory estoppel is preserved.

Dated this 27th day of August, 2025.

_____
Honorable John J. Tuchi
United States District Judge